IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

SHERRY M. WRAY,        )
                       )
        Plaintiff      )
v.                     ) Civil Action No. 7:04cv513
                       )
EVERGREEN PROFESSIONAL )
RECOVERIES, INC.,      )
and                    )
TONY FERATTI,          )
                       )
        Defendant      )

## ORDER

This matter is before the court on plaintiff Sherry M. Wray's ("Wray's") motion to compel discovery from defendant Evergreen Professional Recoveries, Inc. ("Evergreen"), for entry of a Protective Order and for an amendment to the Pretrial Order. At the hearing held on May 5, 2005, the parties indicated that certain aspects of the discovery motion had been resolved, leaving only the following four issues to be resolved.

1. **Motion to Compel Answer to Interrogatory 1 and related Request for Production 3.** Wray seeks discovery of prior complaints and lawsuits concerning any violations by Evergreen of the federal Fair Debt Collection Practices Act ("FDCPA") or any similar state law, contending that such information is relevant to the issue whether defendant Tony Ferrati's conduct was within the scope of his employment with Evergreen. Evergreen responded to discovery indicating that there have been no prior lawsuits involving Ferrati, but this response does not adequately answer the interrogatory. Simply because there are no prior lawsuits concerning Ferrati is not dispositive. Wray should be able to discover whether Evergreen has

engaged in or condoned other violations of these laws. Accordingly, Evergreen is **ORDERED** to fully answer Interrogatory 1 and produce responsive documents under Document Request 3 concerning prior complaints and lawsuits concerning FDCPA or any similar state law claims against or concerning Evergreen (or any predecessor in interest) since 1995.

2. **Motion to Compel Request for Production of Documents 6 and 7.** These requests concern Evergreen's income and financial condition which Wray contends are relevant to the question of punitive damages. Evergreen contends that Ferrati was acting outside the scope of his duties and that punitive damages are not recoverable. Resolution of theses issues will be borne out by the facts, and at this stage, the discovery of annual financial information concerning Evergreen's financial condition as requested in Document Requests 6 and 7 certainly may lead to the discovery of admissible evidence and is discoverable under Fed. R. Civ. P. 26. Accordingly, Evergreen is **ORDERED** to produce documents responsive to Document Requests 6 and 7 concerning the annual profits and losses and financial condition of Evergreen for the years 2003 and 2004.

3. **Protective Order.** At the hearing, counsel submitted the attached proposed agreed Protective Order, designed to limit the disclosure of Evergreen's confidential and proprietary business information produced in discovery. The proposed Order appears appropriate as regards the exchange of discovery information. See, e.g., Seattle Times v. Rhinehart, 467 U.S. 20, 37 (1984) (holding that the First Amendment did not preclude the district court from entering a protective order limiting disclosure of the products of pretrial discovery). However, the terms of Paragraph 4 of the proposed Order appear to conflict with the procedures for sealing information filed with or introduced in court as set forth in Rushford v. New Yorker Magazine,

Inc., 846 F.2d 249 (4th Cir. 1988), and <u>Virginia Dept. of State Police v. The Washington Post</u>, 386 F.2d 567 (4th Cir. 2004). The problem with the proposed Protective Order is that it imposes a blanket seal on any matters filed with or introduced in court without complying with the substantive and procedural requirements required by the Fourth Circuit. Instead, under those cases, any materials sought to be filed under seal must be accompanied by a motion consistent with the standard set forth therein.

4. **Amendment to Pretrial Order.** Given the delay in discovery reflected in these motions, Wray requested a minor modification of the Pretrial Order to allow it to complete expert witness disclosures by May 31, 2005. For good cause, the period for completing expert witness disclosures is extended to May 31, 2005.

Enter this 5th day of May, 2004.

_____
Michael F. Urbanski
United States Magistrate Judge

3